NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-66-HRW

TERRY J. BENDER                                                           PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY                                                        RESPONDENT

**** **** **** **** ****

Terry J. Bender, a prisoner currently confined in the Federal Correctional Institution, in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, purportedly pursuant to 28 U.S.C. § 2241, and has now paid the District Court filing fee of $5.00.

This matter, the Petitioner's fourth (4th) habeas proceeding filed in this Court, is now ready for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND CLAIMS

In his original Petition and a later-filed supplement, the Petitioner challenges decisions by three separate Courts. He alleges that (1) the federal court which sentenced him in 1993 wrongly

used State (Ohio) convictions obtained in violation of his Sixth Amendment rights to raise his criminal history score by 5 points, thereby increasing his sentence range from 292-365 to 230-life, with the result that he received an enhanced federal sentence of 360 months. He (2) gives a summary of the three criminal proceedings in the Ohio trial courts in 1981, 1982, and 1988, and claims that those courts violated his Sixth Amendment rights in failing to tell him that he had a right to appeal and to have appointed counsel. Additionally, Petitioner claims that (3) the Ohio Appellate court violated his due process rights in 2006, when it denied his Motion for Leave to file a Delayed Appeal in order to raise his Sixth Amendment claims about the State convictions.

The Court will not prolong this opinion with a presentation of the facts about Petitioner's 1993 federal conviction. For screening purposes, it is sufficient to note that he pled guilty to drug charges and received the enhanced sentence in the United States District Court for the Northern District of Ohio. More information about the criminal prosecution and result has already been published in his appeal. *See, e.g., United States v. Bender*, 41 F.3d 1508 (6th Cir. 1994) (affirming the federal trial court as to the plea agreement, Bender's convictions, and the enhanced sentence).

Bender's collateral attempts to challenge aspects of the federal conviction and sentence have also been summarized previously. In *Bender v. O'Brien*, Sixth Circuit No. 05-5636, Order of February 6, 2006 (unpublished), the Sixth Circuit noted that after his appeal, Bender had brought many claims of error in the federal conviction and/or sentence to the trial court. These included two Section 2255 motions and three Motions to Reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Another opinion shows that Bender also tried a motion to modify the terms of his imprisonment under 18 U.S.C. § 3582 on the theory that he was the victim of double counting when his offense level was enhanced. *See United States v. Bender*, 52 Fed.Appx. 756 (6th Cir. 2002).

2

The appellate court also noted therein that Petitioner had come to it for relief, filing an unsuccessful petition for mandamus relief, Motion to Reconsider, and request to file a successive Section 2255 motion. Bender next tried a civil lawsuit naming the United States and the trial court's prosecuting Assistant United States Attorney as Defendants, but the case was dismissed for Petitioner's failure to first meet the requirements of *Heck v. Humphrey*, 512 U.S. 477 (1994).

After recounting these previous attacks, the Sixth Circuit addressed the matter before it, Bender's appeal of the decision of this Court in *Bender v. O'Brien*, E.D. Ky. Case No. 05-CV-0026-HRW, a habeas proceeding which he filed here pursuant to 28 U.S.C. § 2241. This Court had dismissed the case, *sua sponte*, in an opinion now reported at *Bender v. O'Brien*, 2005 WL 1079275 (E.D. Ky. 2005) (unpublished). On appeal, the appellate court affirmed the dismissal, agreeing that Bender had failed to carry his twin burdens of showing that he is actually innocent and that his remedy by a Section 2255 Motion is inadequate or ineffective to challenge his conviction or sentence, as required by *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003) and *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

After this Court's dismissal of the Section 2241 proceeding was affirmed, Bender brought three more habeas proceedings in 2007, all of these being initiated with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He filed one Petition in the United States District Court for the Northern District of Ohio, where he challenged the State convictions of 1982 and 1988. However, that District Court found that he was no longer "in custody" pursuant to those sentences and dismissed the suit. Bender filed the other two Section 2254 Petitions in this Court, *Bender v. Ohio*, E.D.Ky. Case Nos. 07-CV-038-HRW and 07-CV-041-HRW. They, too, challenged the Ohio

3

convictions in the 1980's. Both were transferred to the Northern District of Ohio and were there dismissed for failure to state a claim.

Now Bender has presented to this Court what amounts to his fourth habeas proceeding and his second such proceeding pursuant to Section 2241. This time he spreads his challenges around. He attacks the federal court's enhancement of his sentence with the alleged flawed State convictions, the validity of the three underlying convictions which were used to make the enhancement, and the State appellate court's refusal to let him file a late appeal to bring these Sixth Amendment claims.

## DISCUSSION

Bender has argued the merits of his claims, but he has failed to point to any authority for this Court to use its jurisdiction under 28 U.S.C. § 2241 to hear them. As the appellate court explained in affirming this Court's dismissal of Petitioner's first Section 2241 Petition, the only basis for using Section 2241 to obtain the relief which he seeks from his lengthy federal sentence is as follows:

> ... Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756. This court has found § 2255 inadequate when a movant presents a credible claim of actual innocence that is not cognizable in a successive § 2255 motion. *See Martin*, 319 F.3d at 804.
>
> Bender has not satisfied his burden for two reasons. First, Bender does not cite an intervening change in the law which shows that he may be actually innocent. ... Bender has had multiple opportunities to challenge his conviction and sentence. ... [H]is asserted claims do not constitute actual innocence. *Id.*
>
> Second, Bender's remedy under § 2255 is not rendered deficient for any other reason ....

4

*Bender v. O'Brien*, 6th Cir. No. 05-5636, Order of February 6, 2006, at page 3 (unpublished) (found in Record No. 15 of *Bender v. O'Brien*, E.D. Ky. Case No. 05-CV-0026-HRW).

Two years after the Sixth Circuit explained this to Petitioner, he has brought this Section 2241 Petition nonetheless. The law is not changed, however. This Court again finds that the Petitioner fails to demonstrate that he is actually innocent under a new interpretation of an applicable criminal statute or that he has not had opportunities to make these challenges before or that his remedy by Section 2255 is inadequate or ineffective for any reason.

Accordingly, the Court being advised, **IT IS ORDERED** that

(1)     Petitioner Bender's Petition for Writ of Habeas Corpus is **DENIED**.

(2)     This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 2nd day of June, 2008.

_____
HENRY R. WILHOIT, JR
SENIOR U.S. DISTRICT JUDGE

5